110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AIG AVIATION, INC., Plaintiff,
Kenai Air Hawaii, Inc., dba Kenai Helicopters, Plaintiff-Appellant,
v.
BELL HELICOPTER TEXTRON, INC., a Delaware corporation,
Defendant-Appellee.
 No. 95-16855.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided March 20, 1997.
 
 Before: BROWNING, ALDISERT,* and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Kenai Air Hawaii, Inc. has shown that it owned Helicopter N2267N, (CR 66, Tab 9), and therefore had standing to sue Bell Helicopter Textron, Inc. Accordingly, we withdraw our order of December 27, 1996 dismissing the appeal for lack of jurisdiction. On the merits, we conclude the district court did not err in granting summary judgment for Bell and therefore affirm.
 
 II.
 
 3
 The economic loss doctrine bars Kenai from suing in tort to recover damages for the injury to Helicopter 67N. In adopting the economic loss doctrine, the Hawaii Supreme Court cited with approval the Supreme Court's explanation of the doctrine in East River Steamship Corp. v. Transamerica Delaval Inc., 476 U.S. 858 (1986). See Bronster v. United States Steel Corp., 919 P.2d 294, 301-02 (Haw.1996). In East River, the Supreme Court rejected the "sudden occurrence" exception as "too indeterminate" and interpreted the economic loss doctrine as barring tort actions to recover economic loss whenever a product injures itself. East River, 476 U.S. at 870. We conclude the Hawaii Supreme Court would do the same.
 
 
 4
 We also reject Kenai's argument that the economic loss doctrine does not bar tort recovery for damage to Helicopter 67N because the defective crosstube and Helicopter 67N were not a single product. For the purpose of the economic loss doctrine, the product is the object of the bargain between the buyer and seller. Saratoga Fishing Co. v. Marco Seattle Inc., 69 F.3d 1432, 1444 (9th Cir.1995). Courts have not allowed buyers to circumvent this rule by interchanging identical component parts among several products to create a product and "other property." In an analogous case, the Fifth Circuit held that a buyer who bargained for several helicopters with identical flotation devices and warranties could not by exchanging flotation devices between the helicopters, utilize a tort rather than a contract remedy when a defective flotation device damaged a helicopter other than the one with which it was originally purchased. Petroleum Helicopters, Inc. v. Avco Corp., 930 F.2d 389, 393 (5th Cir.1991). In this case, Kenai bargained for a helicopter with crosstubes, landing gear, and a warranty. It then exchanged identical crosstubes between helicopters. It cannot by that means avoid restriction to a warranty remedy.
 
 
 5
 The economic loss doctrine also bars Kenai from recovering in tort for damage allegedly caused by omissions from Helicopter 67N's maintenance manual. The manual was sold with Helicopter 67N and thus was part of Kenai's bargain.[1]
 
 III.
 
 6
 We reject Kenai's argument that summary judgment was improper on its misrepresentation and implied warranty claims. After Bell stated in its motion for summary judgment that it was seeking summary judgment on all Kenai's claims, Kenai had the burden of showing a triable issue of fact or controlling law precluded summary judgment on those claims. See Fed.R.Civ.P. 56. Kenai has not identified any evidence presented to the district court to show Bell's advisories contained misrepresentations or any evidence that Kenai's implied warranty claim was not time-barred.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kenai argues that adherence to the manual accompanying the float kit caused damage to Helicopter 67N. However, the manual accompanying the float kit has no additional instructions for installing a crosstube. Kenai did not need to refer to it when installing the crosstube and cannot use it as a basis for a non-warranty remedy